{¶ 17} I agree with the majority that the issue of the parties' intent to make termination the exclusive remedy is a factual issue that cannot be resolved by summary judgment and that, therefore, the trial court's judgment must be reversed. See Wells v. Am. Elec. Power Co.
(1988), 48 Ohio App.3d 95, 97, 548 N.E.2d 995, 997.
{¶ 18} Although each party claims that section 4 of the rider to the lease is unambiguous, the ambiguity is present because nothing in the lease or the rider specifically states whether termination is the parties' exclusive remedy. We have only the lease, which is silent and makes no provision for liquidated damages in the event of a breach, and section 4 of the rider. As drafted by the lessee, M.G.A., section 4 provides for termination of the lease in three instances: (1) the anchor store vacates the shopping center and the lessor cannot find a new tenant within the time agreed; (2) a new tenant is found for the anchor store, but does not commence business within the time agreed; or (3) Amelia Station sells an "outparcel" to a competing video store.
{¶ 19} I disagree with the majority's broad assertion that limitation-of remedies clauses are not favored. Such a rule is unrealistic and naive in light of current business and commercial practices. In the context of the lease, the rider is certainly an indication that the parties bargained for a single remedy — M.G.A.'s right of termination. There is no hint in this record that the rider resulted from superior bargaining power or involved economic overreaching to secure an unfair advantage by the lessor, Amelia Station, or its predecessor in title, Regal. It would appear, rather, that choosing termination as the exclusive remedy was a decision made by the parties — a decision made at the margin by sophisticated business persons who bargained in good faith and with full information as a means to avoid the costs and delays of litigation.
{¶ 20} Because, however, the record is not such that this conclusion is compelled as a matter of law, I join with the majority in reversing the grant of summary judgment.